**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN WIGSMOEN, | ) | |
| | ) | Case No. 17-cv-7154 |
| Plaintiff, | ) | |
| | ) | Judge Amy J. St. Eve |
| v. | ) | |
| | ) | |
| MANDARICH LAW GROUP, LLP | ) | |
| | ) | |
| Defendant. | ) | |

**PARTIES' JOINT STATEMENT PURSUANT TO LOCAL RULE 54.3(E)**

Plaintiff, Susan Wigsmoen ("Wigsmoen"), and Mandarich Law Group, LLP ("Mandarich") hereby jointly submit the following statement as to the parties' ongoing fee dispute, pursuant to Local Rule 54.3(e), and state as follows:

**(1)** the total amount of fees and related nontaxable expenses claimed by the moving party:

| Attorney | Hourly Rate | Hours Billed | Total Billed |
|---|---|---|---|
| Bryan Thompson | $340 | 14.3 | $4,862 |
| Robert Harrer | $325/$340 | .8 at $325 and 3.6 at $340 | $1,484 |
| **Total Fees** | | | **$6,346** |
| **Total Costs** | | | **$400** |
| **Grand Total Fees & Costs** | | | **$6,746** |

**(2)** the total amount of fees and/or related nontaxable expenses that the respondent deems should be awarded:

1

| Attorney | Hourly Rate | Hours Billed | Total Billed |
|---|---|---|---|
| Bryan Thompson | $340 | 7.7 | $2,618 |
| Robert Harrer | $340 | .5 | $170 |
| **Total Fees** | | | **$2,788** |
| **Total Costs** | | | **$400** |
| **Grand Total Fees & Costs** | | | **$3,188** |

**(3)** a brief description of each specific dispute remaining between the parties as to the fees or expenses:

**Plaintiff's Position:**

Plaintiff states that her counsels' current rates are reasonable and appropriate in this case. Plaintiff's counsel are experienced in FDCPA and other consumer protection actions. Additionally, Defendant did not object to Plaintiff's hourly rate when conferring on Plaintiffs hours and expenses in this case.

Plaintiff also states that the hours spent litigating this case to a successful conclusion were both necessary and efficient. Plaintiff achieved an excellent result in this case since she was awarded $1,001 plus attorneys fees and costs, when the statutory maximum of the FDCPA is $1,000. Additionally, the time spent litigating fees is also clearly compensable, see, S*pray-Rite Service Corp. v. Monsanto Company*, 684 F.2d 1226, 1259 (7th Cir. 1982); *Balark v. Curtin*, 655 F.2d 798, 802-803 (7th Cir. 1981); *Bond v. Stanton*, 630 F.2d 1231, 1235 (7th Cir. 1980).

Finally, Plaintiff has exercised billing discretion by removing 6.6 hours of counsel's time, for a total reduction of $2,227.50 in attorneys' fees prior to the fee petition.

**Defendant's Position:**

At a rate of $340 per hour, "courts, opponents and clients are entitled to expect both expertise and efficiency." *See Lemieux v. Guy*, 2006 U.S. Dist. LEXIS 84421, *10-11 (S.D. Ind. Nov. 20, 2006). "Expectations for efficiency are especially high in the kind of high-volume litigation represented here." *Id.* Rather than act efficiently, however, Plaintiffs' two (2) attorneys seek compensation for duplicative, unnecessary, and excessive entries in a very simple FDCPA case that lasted a little over a month from filing to the acceptance of an offer of judgment. Moreover, compared to the $7,000 plus billed by Plaintiffs' counsel through the month of November 2017, Defendants' counsel only billed $932.00. A copy of Counsel's December 1, 2017 Fee Statement is attached hereto as **Exhibit A**.

Attached hereto as **Exhibit B** is a spreadsheet setting forth each task and time entry objected to by Defendant, that have not yet been removed by agreement, and the basis of each objection. In addition to objecting to excessive and duplicative entries, Defendant objects to reimbursement for administrative tasks (which are not recoupable) and vague tasks (which do not provide the Court or Defendant with sufficient information to determine the reasonableness of the task and fee). *See Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) ("excessive, redundant or otherwise unnecessary" hours should not be awarded); *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550, 553 (7th Cir. 1999) (plaintiff bears the burden of proving reasonableness and time spent on "clerical" or secretarial tasks should be disallowed).

 **(4)** a statement disclosing—

> **(A)** whether the motion for fees and expenses will be based on a judgment or on a settlement of the underlying merits dispute:

> On November 13, 2017, this Court entered judgment against Defendant Mandarich in the

amount of $1,001, based upon Plaintiff's acceptance of a Fed.R.Civ.P. Rule 68 offer of

judgment. (Dkt. # 16). and

**(B)** if the motion will be based on a judgment, whether respondent has appealed or intends to appeal that judgment.

Defendant has not appealed nor does it intend to appeal the $1,0001 judgment resulting from Plaintiff's acceptance of the offer of judgment.

Respectfully submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys


By: /s/Nicole M. Strickler
One of Defendant's Attorneys

Dated: February 12, 2018

*For Plaintiff:*

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
111 West Washington Street
Suite 1360
Chicago, IL 60602
Tel. (312) 600-8466
Fax (312) 610-5646
Bryan.thompson@cclc-law.com
Rob.harrer@cclc-law.com

*For Defendant:*

Nicole M. Strickler
Messer Strickler, Ltd.
225 W. Washington St., Ste. 575
Chicago, IL 60606
(312) 334-3469 (312) 334-3473 (FAX)
nstrickler@messerstrickler.com

**CERTIFICATE OF SERVICE**

I hereby certify that on Monday, February 12, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered participants.

Respectfully submitted

/s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys
